IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES RUNNELS, | ) | |
| ID # 37469-177, | ) | |
| Movant, | ) | No. 3:16-CV-279-B-BH |
| vs. | ) | No. 3:08-CR-167-B-BH (5) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255* (doc. 17), should be **DENIED** with prejudice as barred by the statute of limitations..

**I.  BACKGROUND**

Charles Runnels (Movant) challenges his federal conviction and sentence in Cause No. 3:08-CR-167-B(3).  The respondent is the United States of America (Government).

On November 19, 2008, Movant and others were charged by superseding indictment with multiple counts of conspiracy to commit bank robbery, bank robbery, attempted bank robbery, assault on a federal officer, using and carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a crime of violence in violation of 18 U.S.C. §§ 2; 111; 371, 922(g)(1); 924(a)(2); 924(c)(1)(A)(i), (C)(i); and 2113 (a), (d). (*See* doc. 97.)  Movant pled not guilty and was tried before a jury with several co-defendants.  The jury convicted Movant of multiple counts.  (*See* doc. 348.)  His sentences were enhanced to mandatory life sentences for all but one of the counts under 18 U.S.C. § 3559(c) because he had previously been convicted of serious violent felonies.  (*See* docs. 436 at 31-32, ¶¶ 131-32.)  He was sentenced to 120 months'

imprisonment on one count, concurrent life imprisonment on fifteen counts, and consecutive life imprisonment on fourteen counts.

On appeal, the convictions for two attempted bank robberies and the two corresponding convictions for use of a firearm during the attempted bank robberies were reversed and vacated for insufficient evidence. *United States v. Duffy*, 456 F. App'x 434, 444 (5th Cir. 2012). The case was remanded for resentencing. *Id*. at 445.

The Court sentenced Movant to 120 months' imprisonment on one count and consecutive life imprisonment on twenty-five counts. On October 8, 2014, the amended judgment was affirmed. *United States v. Ross*, 582 F. App'x 528 (5th Cir. 2014). He did not file a petition for writ of certiorari in the Supreme Court.

Movant's § 2255 motion, received on February 1, 2016, states that it was placed in the prison mail on January 22, 2016. (No. 3:16-CV-279-B, doc. 1 at 13.) His final amended § 2255 motion was received on July 12, 2016. (Id., doc. 17.) It alleged that the Court lacked jurisdiction over the fourteen counts of using and carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a crime of violence. Movant contended those counts were duplicitous because using and carrying a firearm during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence are two separate offenses. (*Id*. at 4.) He also alleged that his multiple convictions and sentences under § 924(c) were unconstitutional because the residual clause of § 924(c) is unconstitutionally vague in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). He also alleged that his sentence enhancement under 18 U.S.C. § 3559(c)(2)(F)(ii) was unconstitutional because that statute's residual clause is unconstitutionally vague in light of *Johnson*.

## II.  STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005).  It states that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

With regard to § 2255(f)(1), the amended judgment was affirmed on appeal on October 8, 2014.  *Ross*, 582 F. App'x at 528.  Movant did not file a petition for writ of certiorari in the Supreme Court, so his conviction became final on January 6, 2015, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").  He does not allege that government action prevented him from filing a § 2255 petition earlier under § 2255(f)(2).  The facts supporting his claim arose when he was sentenced, so §

3

2255(f)(4) does not apply.

**A.   <u>Newly Recognized Right</u>**

Although Movant cites *Johnson*, his claim does not assert a right newly recognized by the Supreme Court under § 2255(f)(3).  In *Johnson,* the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B)(ii) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process. *Johnson*, 135 S. Ct. at 2563.  The holding of *Johnson* is retroactively available on collateral review.  *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

Movant was not sentenced under § 924(e) of the ACCA.  He was convicted and sentenced for using and carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a crime of violence under § 924(c).  His sentence was enhanced under § 3559(c)(1)(A), which provides for a mandatory life sentence for a serious violent felony if the person has been previously convicted of two serious violent felonies.  A "crime of violence" in § 924(c) is defined in part as an offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  § 924(c)(3)(B).  A "serious violent felony" in § 3559(c) is defined in part as an offense "that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense."  § 3559(c)(2)(F)(ii).  In contrast, the residual clause of § 924(e)(2)(B)(ii) defines "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another."

In *Johnson*, the Supreme Court did not address the residual clauses of § 924(c)(3)(B) and

4

§ 3559(c)(2)(F)(ii), and it did not recognize a new right regarding those residual clauses. *See In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016) (Supreme Court did not address or decide in *Johnson* whether the differently worded residual clause of § 924(c)(3)(B) was unconstitutionally vague); *see also United States v. Stephens*, ___ F. App'x ___, 2017 WL 1826099 (5th Cir. May 3, 2017) (residual clause of § 924(c)(3)(B) is not unconstitutionally vague under *Johnson*); *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (residual clause of 18 U.S.C. § 16(b) that defines "crime of violence" as an offense that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" was not unconstitutionally vague under *Johnson*). Because *Johnson* did not recognize as a new right that the residual clauses of § 924(c)(3)(B) and § 3559(c)(2)(F)(ii) or a similarly worded residual clause are unconstitutionally vague, § 2255(f)(3) does not apply.

The latest of the dates under § 2255(f) is the date that Movant's conviction became final, September 16, 2014, the one-year statute of limitations began to run from that date. He did not file his current § 2255 motion until January 22, 2016, at the earliest.[2] It is untimely in the absence of equitable tolling.

**B.**     **Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

5

misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable tolling. Nor does he assert any other basis for equitable tolling. His § 2255 motion is untimely.

### III.  RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice as barred by the statute of limitations.

**SO RECOMMENDED** this 27th day of June, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                            IRMA CARRILLO RAMIREZ
                                                                                 UNITED STATES MAGISTRATE JUDGE