Case 3:16-cv-00279-B-BT   Document 62   Filed 03/20/24   Page 1 of 7   PageID 394

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES RUNNELS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:16-CV-0279-B-BT |
| | § | (CRIMINAL CASE NO. 3:08-CR-167-B(05)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Charles Runnels's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review of the record, the motion is **DISMISSED WITH PREJUDICE**.

**I.   BACKGROUND**

Runnels and six others were named in a two-count indictment charging them in count one with conspiracy to commit bank robbery, in violation of 18 U.S.C. § 2113(a) & (d), and in count two with using, carrying, and brandishing a firearm during an in relation to, and possessing a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2. *United States v. Duffey*, No. 3:08-CR-167-B, Crim. Doc. 1. The indictment was later superseded to include forty-three counts. Crim. Doc. 97. A jury found Runnels guilty of 30 of the 34 counts charged against him,[1] consisting of seven counts of conspiracy to commit bank robbery, five counts of bank robbery, two counts of attempted bank robbery, one count of felon in possession of a

---

[1] The jury was not asked to consider two of the counts of felon in possession of a firearm. Crim. Doc. 97; Crim. Doc. 238.

firearm, one count of assault on a federal officer, and fourteen counts for using and possessing firearms during and in relation to violent crimes. Crim. Doc. 348. Runnels was sentenced to multiple terms of life imprisonment plus an additional 120 months' imprisonment for his felon in possession of a firearm conviction. Crim. Doc. 348. He appealed. Crim. Doc. 347. The United States Court of Appeals for the Fifth Circuit determined that the evidence did not support the attempted bank robbery counts and vacated those convictions, remanding the case for resentencing. *United States v. Duffey*, 456 F. App'x 434 (5th Cir. 2012). The Court again imposed multiple life sentences. Crim. Doc. 511. Runnels appealed and the judgment was affirmed. *United States v. Ross*, 582 F. App'x 528 (5th Cir. 2014). Runnels did not file a petition for writ of certiorari and the judgment became final January 6, 2015. *Clay v. United States*, 537 U.S. 522, 527 (2003).

On January 22, 2016, Runnels placed his motion for relief under 28 U.S.C. § 2255 in the prison mailing system.[2] Civ. Doc. No. 1. The court twice allowed Runnels to amend his motion. Civ. Docs. 9 & 15. His final amended motion asserts three grounds. Civ. Doc. 17. The magistrate judge recommended that the motion be dismissed as time-barred. Civ. Doc. 28. The Court accepted the findings and recommendation and dismissed the motion as barred by limitations. Civ. Docs. 30, 31. Runnels appealed. Civ. Doc. 32. The Fifth Circuit granted a certificate of appealability on three issues:

> (1) Whether *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), renders the "residual clauses" of § 924(c)(3)(B) and § 3559(c)(2)(F) unconstitutionally vague;
> (2) Whether such an application of *Dimaya* is retroactively applicable to cases on collateral review in which a prisoner is challenging the validity of his convictions under § 924(c)(1) or his sentences under § 3559(c); and

---

[2] Prisoners file their federal papers when they place them in the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

> (3) Whether Runnels may proceed because he has established, following *Dimaya*, that he is actually innocent of the § 3559(c) sentencing enhancement because his prior Ohio aggravated burglary conviction does not qualify as a "serious violent felony" under § 3559(c)(2)(F).

Civ. Doc. 40. Ultimately, the Supreme Court decided *United States v. Davis*, 588 U.S. __, 139 S. Ct. 2319 (2019), and the government conceded *Davis* error with regard to Runnels's conspiracy-premised convictions. The Fifth Circuit vacated the faulty Section 924(c) convictions and remanded for correction of the criminal judgment. In addition, the Court vacated the judgment dismissing the habeas as untimely and remanded

> to allow the district court to reconsider its ruling, as well as to address the merits of Runnels's § 3559(c) arguments, the Government's procedural default defense, and whether any exception to the defense applies in light of intervening decisions issued during the pendency of this appeal.

Civ. Doc. 42; *United States v. Runnels*, No. 17-11156, 2022 WL 1010695, at *1 (5th Cir. Apr. 5, 2022).

## II.   ANALYSIS

### A.   The Issues Before the Court.

Appellate jurisdiction is limited to the issues upon which a certificate of appealability is granted. *Deleon v. Stephens*, 541 F. App'x 492, 493 (5th Cir. 2013). The certificate of appealability was granted as to the three issues set forth above. In particular, the third issue was limited to the Ohio aggravated burglary conviction, because that is the only conviction challenged by Runnels in his motion for certificate of appealability before the Fifth Circuit. No. 17-11156, Doc. 11. (That is also the only prior conviction discussed in his appellate brief.[3] *Id.* Doc. 28.) Although Runnels

---

[3] Runnels did refer to the Arkansas conviction for involuntary manslaughter in two footnotes in his reply brief. No. 17-11156, Doc. 75. However, the Fifth Circuit has consistently held that it will not consider matters raised for the first

argues that the mandate is broader than the certificate of appealability, issues not raised before the appellate court are not proper for reconsideration by the district court. *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998). *Cf. United States v. Matthews*, 312 F.3d 652, 658 (5th Cir. 2002) (court cannot consider on remand an unappealed aspect of an initial sentence).

      **B.**      Timeliness of the Motion.

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). Here, Runnels did not file a petition for writ of certiorari so the judgment became final January 6, 2015. *Clay*, 537 U.S. at 527. Thus, his motion cannot be considered timely unless subsection (3) applies.

---

time in a reply brief. *United States v. Willis*, 76 F.4th 467, 476 n.1 (5th Cir. 2023); *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in [his] *initial* brief on appeal."). And, "[a] party who inadequately briefs an issue is considered to have abandoned the claim." *Cinel*, 15 F.3d at 1345; *United States v. Ballard*, 779 F.2d 287, 295 (5th Cir. 1986) ("Notice pleading does not suffice for appellate briefs.").

Runnels has the burden of demonstrating that his motion is timely, *United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019), yet he only superficially addresses the issue. Civ. Doc. 55 at 30–32. He quotes from, and misrepresents the history of, *United States v. Williams*, 897 F.3d 660 (5th Cir. 2018), but does not distinguish it. As the government explains, in order for Section 2255(f)(3) to apply, the right asserted must be recognized by the Supreme Court. Civ. Doc. 50 at 14–15. *Dodd v. United States*, 545 U.S. 353, 357 (2005) ("What Congress has said . . . is clear: An applicant has one year from the date on which the right he asserts was initially recognized by this Court."). The Supreme Court has not recognized the unconstitutional vagueness of the residual clause of Section 3559(c)(2)(F)(ii). *See Williams*, 897 F.3d at 662 (the Supreme Court must specifically address the statute at issue). But, even assuming the right is implicitly recognized in *Johnson*, it has not been made retroactively applicable to prisoners like Runnels. *See United States v. Vargas-Soto*, 35 F.4th 979, 991 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 583 (2023) (noting that the *Johnson* right did not become retroactive to prisoners like Vargas-Soto whose sentences were enhanced under the unconstitutional residual clause found in 18 U.S.C. § 16(b) until the Supreme Court decided *Dimaya*). Accordingly, whether the Court follows *Williams* or *Vargas-Soto*,[4] limitations has not been extended by Section 2255(f)(3).[5]

**C.**   Procedural Default.

Runnels did not argue in the trial court or on direct appeal that Section 3559(c)(2)(F)(ii) was void for vagueness. Nor did he challenge the Court's characterization of his prior convictions

---

[4] The government notes that the two cases appear to conflict on the issue of timeliness of the petition. Civ. Doc. 50 at 14, n.6.

[5] For the reasons discussed by Magistrate Judge Ramirez in her earlier findings, conclusion, and recommendation, and in the government's post-remand supplemental response, Runnels is not entitled to equitable tolling. Civ Doc. 28 at 5–6; Civ. Doc. 50 at 12–14. He does not address equitable tolling in his latest briefing. Civ. Doc. 55.

as serious violent felonies. Thus, to proceed here, he must demonstrate cause and prejudice, or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Runnels argues that he has cause for failing to raise his vagueness argument because it "presented a constitutional claim [] so novel that its legal basis [was] not reasonably available to counsel" before *Johnson*, *Dimaya*, and *Davis*. Obviously, the vagueness argument was not novel, since it had been addressed by others, including Justice Scalia.[6] *See Vargas-Soto*, 35 F.4th at 994–99 (discussing why cause cannot be established in a case like this). Runnels has no response except to argue that there is a circuit split and urge the court to wait for guidance from the Supreme Court. Civ. Doc. 55 at 19–25. The Supreme Court, however, denied certiorari in the case Runnels cites, thus upholding the procedural bar against a 924(c) residual clause claim. *Maxime v. United States*, No. 22-11482-J, 2022 WL 18145205 (11th Cir. June 7, 2022), *cert. denied*, 143 S. Ct. 583 (2023). Runnels fails to address why the Court can ignore Fifth Circuit precedent.

To meet the actual innocence exception, Runnels must show that, in light of new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *McQuiggin v. Perkins*, 569 U.S. 383, 386–87 (2013); *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 623. Here, Runnels is relying on alleged legal, not factual, innocence. He does not have any new evidence. Again, *Vargas-Soto* forecloses his argument.

Finally, the court notes that Runnels has not shown that he was sentenced based on the residual clause of Section 3559(c)(2)(F)(ii). The Court found that Runnels's aggravated burglary

---

[6] As the government points out, the Supreme Court had granted certiorari in *Johnson* in April 2014, six months before Runnels's second direct appeal was decided. Civ. Doc. 50 at 17, n.8.

conviction necessarily included physical harm as an element. Crim. Doc. 392 at 31. In fact, the Court found beyond a reasonable doubt that two serious violent felonies were committed by Runnels to satisfy the requirements of Section 3559. *Id.* at 30.

### III.    CONCLUSION

Accordingly, Runnels's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 20th day of March, 2024.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

